**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Herbert CLEVELAND et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 18, 1968.

⸻◆⸻

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Mark Anderson, Elizabethtown, for appellant.

E. E. Hubbard, John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellees.

CLAY, Commissioner.

This is a second appeal in a condemnation case. We have heretofore reversed a $6,000 judgment for the taking of a small strip of land, on the ground that it was not supported by evidence of probative value. Commonwealth, Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417. Upon a new trial the jury awarded $10,000, which the Commonwealth contends is palpably excessive and without credible evidentiary support.

For the purpose of constructing an entrance ramp to the Blue Grass Parkway, which runs east and west approximately 380 feet north of appellees' northern boundary line, a strip of land 583 feet long and containing .82 of an acre was taken at the northwest corner of the 47-acre tract. It is obvious from the aerial photograph and other evidence that the taking of this strip wrought no material change in appellees' farm. Appellees simply had .82 of an acre less land at an unused corner of their property.

The Commonwealth attacks the qualifications and the somewhat incomprehensible testimony of one of the landowners and their two expert witnesses. It is unnecessary to consider those objections. Our former opinion in Commonwealth, Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417, effectively established that the type of testimony here adduced would lack probative value to support an award of $10,000. In essence the only basis for the difference in value damages, ranging from $15,000 to $19,000, about which the landowners' witnesses testified, was that the traffic *on the Blue Grass Parkway* (which does not even adjoin the tract) impaired the value of the property for use as a horse farm.

In our former opinion we dealt with similar testimony and held this damage item to be a noncompensable factor. We may assume that the existence of the Parkway impaired the suitability of this tract

for use as a horse farm (although the Commonwealth's witnesses testified it had *increased* its value because of its potential commercial use), but the landowners had no property interest in the location of highways (at least those which do not adjoin their land) and they had no property interest in muted traffic noises. According to the landowners' own evidence, the *taking of the strip* involved in this case did not substantially depreciate the value of their land, but their damage, if any, was caused solely by traffic conditions on the Parkway.

Our former opinion gave ample notice that an award based on evidence of the character introduced in the present case would not be upheld. We now say the same thing a second time.

The judgment is reversed.

All concur.